PETERS *v.* LINCOLN & N. W. R. Co. and others.

*(Circuit Court, D. Nebraska.  May, 1881.)*

RAILROAD—LEASE OF—STATUTE CONSTRUED.

> Where the language of the statute is that no lease of one railroad by another shall be perfected " until a meeting of the stockholders of each of said companies shall have been called by the directors thereof, at such time and place and in such manner as they shall designate, and the holders of at least two-thirds of the stock of such company represented at such meeting, either in person or by proxy, voting thereat shall have assented thereto," the stockholders' meeting, and the vote in such meeting upon the question of assenting to the proposed lease, are matters of essence, of substance, and not of mere form; and their assent individually obtained outside of such meeting, and in the absence of deliberation, would bind no one.

In Equity.  On demurrer.

*E. Wakeley,* for complainants.

*T. M. Marquett,* for respondents.

McCrary, C. J.   The bill does not allege that the agreement to lease was assented to by the stockholders of either of the companies, in stockholders' meeting assembled, as required by the statute; but it is insisted that it does show such assent in fact, and that the provisions of the statute requiring a meeting of the stockholders, and a vote upon the question at such meeting, may be regarded as directory only, and not mandatory.   The language of the statute is that no lease of one railroad by another shall be perfected "until a meeting of the stockholders of each of said companies shall have been called by the directors thereof, at such time and place and in such manner as they shall designate, and the holders of at least two-thirds of the stock of such company, represented at such meeting, either in person or by proxy, voting thereat, shall have assented thereto."

Can the meeting, and the vote at such meeting, be dispensed with, on the ground that the assent of the stockholders has been expressed in some other mode?

The distinction between things which are of the essence of the act required by the statute to be done, and those which are not of the essence, is recognized.   *Marchant* v. *Langworthy,* 6 Hill, 646; *Rex* v. *Louxdale,* 1 Burr. 447; Dwarris, Statutes, etc., 222.

Such provisions of a statute as relate to the former are mandatory; but such as relate to the latter, as, for example, to matters of form, or time and manner, and not appearing essential to the judicial mind, may be regarded as directory only.

The legislature has seen fit to provide that no lease of a railroad in this state, executed by one railroad company to another, shall be completed until a meeting of the stockholders of both companies shall have been called by the directors thereof, nor until such lease has been assented to by the votes of at least two-thirds of the stock represented. In our judgment the stockholders' meeting, and the vote in such meeting upon the question of assenting to the proposed lease, are matters of essence, of substance, and not of mere form. The legislature, for reasons which readily suggest themselves to us, thought fit to prohibit the leasing of railroads by one railroad company to another, without the deliberate consideration of the question by the stockholders in meeting assembled, and without a formal expression of opinion by vote at such meeting. It is well known that a very common mode of combining and consolidating different lines of railroad is by lease executed by one company to another. The policy of the legislature was undoubtedly to put certain limitations upon such consolidations, by providing for a consideration of the question, in each case, by the stockholders in their corporate capacity. For the purpose of deciding such a question, the stockholders, when assembled under the law for deliberation, represent and act for the corporation. Their assent individually obtained outside of such meeting, and in the absence of deliberation, would bind no one. The rule is well settled that where the board of directors of a corporation is authorized to act upon a subject, that action must be had by the board in its organized capacity, and not by the individual members outside of a board meeting.

When the powers of the corporation upon any given subject are to be exercised by the stockholders in meeting assembled, and by vote at such meeting, it is plain that the same rule prevails. The action of such stockholders outside of such meeting is individual action only. It is not such action as the law requires. It does not bind the corporation. Many reasons might be suggested in support of such a rule. As intimated above, it may have been for the purpose of placing limitations upon the power of combination and consolidation between different lines of railroad, thus encouraging competition.

It is, perhaps, enough in the present case to say that the statute has, in plain terms, required the stockholders' meeting and the vote by two-thirds of the stock represented at such meeting. The meeting and the vote are not matters of form, but they are the very things which the statute requires. But it may be further suggested that the statute was doubtless framed with a view to secure deliberation upon

the question in each case. The value of discussion, of a comparison of views, of a hearing in open debate on all sides, and of a fair vote in open meeting, after such consideration, cannot be questioned. If, for example, it were conceded that the meeting and the vote were non-essential, and that the assent of the stockholders, however secured, would be sufficient, it is easy to see that in every case of doubt the policy of appealing to the stockholders, individually and separately, and securing their assent when only one side of the question is presented, would be adopted. Experience teaches that signatures obtained to an assent in this way might not represent the interest of the stockholders, and that upon a hearing and discussion of the question in open meeting a very different result might be reached. These are probably some of the reasons which influenced the legislature to enact the statute in question. Certain it is that the statute, in our judgment, establishes a wise public policy, and must be upheld and enforced by the courts, and under it the proposition to lease, set out in the bill, does not amount to a valid contract which can be specifically enforced.

If the complainants were injured by the represenations made by the board of directors of the Atchison & Nebraska Railroad Company, in the circular of June 24, 1879, it may be that they have a right of action to recover their damages. All that is determined now is that the bill does not show a binding contract for a lease between the two companies, and for this reason the demurrer is sustained.

DUNDY, D. J., concurs.